LEE K. WARING AND ROBERT S. BUNNELL, RESPOND-
ENTS, v. WALTER E. JOBS AND CORA B. JOBS, APPEL-
LANTS.

Argued May 23, 1927—Decided October 17, 1927.

For the respondents, *Koehler & Augenblick.*

For the appellants, *McCarter & English.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the
Supreme Court, striking out the defendants' answer and
entering judgment in favor of the plaintiffs. The purpose
of the suit was to recover broker's commissions on a real
estate transaction. The complaint alleges that the plain-
tiffs were duly licensed real estate brokers of this state, and
that prior to the 12th day of April, 1926, the defendants
authorized the plaintiffs to sell certain real estate belonging
to the defendants, located in the township of Springfield,
Union county, and pursuant to said authorization the plain-

tiffs endeavored to obtain a purchaser for the said premises, and as a result of their efforts, succeeded in procuring Archibald M. Henshaw to enter into a written contract with the defendants for the purchase of said premises for the sum of $118,500. The complaint also states that said written agreement contained the following covenant: "It is agreed that this sale was brought about by Lee K. Waring and Robert S. Bunnell, and that the seller will pay them the sum of $6,000 in full for their commissions." It is also alleged that said contract was signed by the purchaser and by the defendants and duly acknowledged, and that the plaintiffs have often demanded from the defendants the sum of $6,000 pursuant to the terms of said agreement, but the defendants have refused to pay said sum.

The defendants filed an answer to the plaintiffs' complaint as follows: "They deny the truth of the matters contained in the amended complaint."

Upon proper notice, the motion to strike out the answer as sham and to enter a summary judgment was made. Attached to the notice of motion were affidavits made by each of the plaintiffs verifying the facts set forth in the complaint, also an affidavit of Eugene A. Otto, a notary public, who witnessed the signatures of the defendants to the contract, a copy of which was attached thereto.

The defendants appeared in response to the notice of said motion and submitted two answering affidavits, one by the secretary of the New Jersey Real Estate Commission, stating that: "Lee K. Waring, Incorporated, a corporation by Lee K. Waring, is a licensed broker with office at No. 67 Elizabeth avenue, Newark, New Jersey. Lee K. Waring as an individual is not a licensed broker;" also one by the defendant Walter E. Jobs, wherein he states, in substance, that it is untrue that either he or the defendant Cora B. Jobs licensed the plaintiffs to sell the real estate described in the written agreement, and that neither of the defendants were or had been at any time owners of the property in question, and he alleges that the property described was owned by the Westfield Trust Company, as trustee, under the will of Enoch D. Miller,

deceased, and about the time of making of said contract with the plaintiffs, the trust company made a contract with the said Walter E. Jobs to sell said premises to him, but that the trust company was unable to convey title, and therefore the deposit money paid him by Henshaw, the purchaser procured by the plaintiffs, was returned. He does not deny that the plaintiffs were authorized by the defendants to sell the property in question, and admits the execution of the contract as alleged in the complaint.

We think the proofs submitted by the defendants on the motion to strike out were insufficient to entitle them to defend. Supreme Court rule 80 provides that answers may be struck out and judgment final entered on motion and affidavits, unless defendant shall show by affidavit or other proofs that he is entitled to defend. The only facts alleged in the complaint which are disputed by the defendants' proof are that the plaintiff Lee K. Waring did not individually hold a license as a real estate broker, but that Lee K. Waring, Incorporated, by Lee K. Waring, was a licensed broker, and that the defendants were not the owners of the real estate as alleged in the complaint.

The proof offered by the defendants did not show that this real estate transaction was not an isolated one, so that it was immaterial whether the plaintiff Lee K. Waring held a license as a real estate broker or not. In the case of *Wensley* v. *Godby,* 101 *N. J. L.* 325, the Supreme Court, referring to chapter 141 of the laws of 1921, which regulates the business of real estate brokers, stated: "It seems clear to us that the statute contemplates only the carrying on of a business. For this purpose it is comprehensive, covering the many activities of the ordinary real estate broker. The doing or offering to do for others [language of the act] indicates a holding out as one engaged in the business rather than one who, not engaged in the business, performs an individual and isolated service for another. It can hardly be thought that the legislature intended to make unlawful the simple act of selling or renting of a house by one specially employed by the owner, or for acting in ilke manner on behalf of a purchaser or a tenant."

There is no merit in the defendants' contention that the contract was affected by the tenth section of the statute of frauds, by reason of the legal title to the premises not being vested in the defendants, as a matter of fact, they were the equitable owners, and if this were not so, it would be immaterial, as under the case of *Sadler* v. *Young*, 78 *N. J. L.* 594, the present Chief Justice, speaking for this court, and referring to section 10 of the statute of frauds, stated: "It is to be observed that the language of this statutory provision is not applicable to all sales or exchanges of land brought about through the agency of a real estate broker, but only to those in which the broker acts 'for or on account of the owner.' When he so acts, then, by the express words of the statute, he is not entitled to a commission on the sale unless his authority to make the sale is in writing, signed by the owner or his authorized agent. But when he brings about a sale or exchange of property, not for or on account of the owner, but at the request of a third person, who agrees to compensate him for his services out of his [the third person's] own pocket, there is nothing expressed in the act which disentitles him to compensation."

On motion to strike out an answer the question is not whether the facts alleged are sufficient to constitute an answer to the complaint, but whether, taken as a whole, the pleading and proofs state facts sufficient to constitute a defense to the action. In the present case the Supreme Court thought not, and we concur.

The defendants contend that there is a variance between the proof and the allegation. This is true, but only in immaterial matters, which do not affect the vital point in controversy, and it is well settled that when the real question in dispute has been fairly tried, and the ends of justice will be promoted, the complaint will be amended here in order to support the judgment below. *Levenson Wrecking Co.* v. *Gatti-Mcquade Co.*, 93 *N. J. L.* 184; *Klie* v. *Hollstein*, 98 *Id.* 473; *American Life Insurance Co.* v. *Day*, 39 *Id.* 89; *Chess* v. *Vockroth*, 75 *Id.* 665.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, BLACK, KATZEN-BACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLEN-NON, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—None.